# Appendix H



**Targem Translations**

143 RODNEY STREET

BROOKLYN, N.Y. 11211

TEL. (718) 384-8040

FAX: (718) 388-3516

# CERTIFICATE OF ACCURACY

ON THIS DAY, PERSONALLY APPEARED BEFORE ME, A NOTARY PUBLIC IN AND FOR THE STATE OF NEW YORK, COUNTY OF KINGS, WOLF MARKOWITZ, WHO AFTER HAVING DULY AFFIRMED, DEPOSES AND SAYS THAT HE IS A TRANSLATOR OF THE HEBREW AND ENGLISH LANGUAGES; THAT HE CAREFULLY PREPARED THE ATTACHED ENGLISH TRANSLATION OF THE ATTACHED DOCUMENTS WRITTEN IN THE HEBREW LANGUAGE; AND THAT THE TRANSLATION IS A TRUE AND CORRECT RENDERING OF SUCH DOCUMENT AND THE WHOLE THEREOF. DESCRIBED AND AFFIRMED TO BEFORE ME THIS 8/18/2015

SIGNATURE OF TRANSLATOR



SIGNATURE OF NOTARY

ROCHAL WEISS
Notary Public, State of New York
Registration No.: 01WE6293785
Qualified in Kings County
My Commission Expires December 16, 2017

PROFESSIONAL

TRANSLATIONS

OF FOREIGN

LANGUAGES

<div dir="rtl">

## בית דין צדק
### הרב יחיאל באב"ד  הרב  יצחק חיים זעלטענרייך  הרב אברהם ברוך ראזענבערג
### הרב יצחק דוב בערגער  הרב יקותיאל זלמן גראוס

בס"ד יום חמישי כ"ה אב תשע"ד לפ"ק, דף מספר "א" מ-"יו" דפי הפסק דין.

בדין ודברים שבין הצדדים דלהלן: צד א' הרב שמחה ראטה שליט"א ומו"ה יצחק אייזיק דייטש נ"י והרב צבי ארי' ריינהאלד שליט"א והרב מענדיל גראסס שליט"א בשמם ובשם כל המרשים*. צד ב' הרב יהודה ירחמיאל הלוי גרובער שליט"א ומו"ה אברהם אהרן לעזער נ"י והרב אשר לנדא שליט"א והרב אהרן בן ציון בייגעל שליט"א בשמם ובשם כל המרשים². אחרי שהצדדים חתמו על שטרי הרשאה³, והמורשים קבלו קנין וחתמו על שטרי בירורין ואחרי שמיעת טענות הצדדים וראיותיהם והמשא ומתן בינינו יצא מלפנינו פסק דין דלהלן.

א.  כל הרכוש של "באבוב" בברוקלין, בנוא-דזשערסי, בקעטסקילס ובפאקאנאס הן קרקעות הן מטלטלים [כולל ספרי תורה⁴] הן פראגראמס מהממשלה, שהיו קיימים בעת פטירת כ"ק אדמו"ר מהרנ"צ מבאבוב זצ"ל, הם בבעלות ובשליטת צד ב'.

ב.  צד ב' יתנו לצד א' סך $6,200,000.00. סכום זה ישלמו בתקופה של חמש שנים, כל רבע שנה סך $310,000.

ג.  הזכות להקרא בשם "אדמו"ר מבאבוב" ו\או "אב"ד באבוב" בלי הוספת שם אחר [הן בכתב הן בעל פה] היא באופן בלעדי בידי הרה"צ מוהר"ר בן ציון ארי' ליבוש הלברשטאם שליט"א. והוא יכול להשתמש בשם "באבוב" כרצונו עם או בלי שמות נוספים בלי שום הגבלה כלל.

ד.  הרה"צ מוהר"ר מרדכי דוד אונגער שליט"א, והרה"צ מוהר"ר יהושע רובין שליט"א אינם רשאים להשתמש בשם זה או בשם הדומה לשם זה בקריאתו או בכתיבתו [כולל ולא מוגבל לשם "בובוב", "באביב", "באבאב"], הן בלשה"ק\יודיש הן בלשונות העמים. האמור בסעיף זה נוגע הן למקומות הנזכרים בסעיף א' הן בכל מקום אחר בעולם.

ה.  הזכות בידי הרה"צ מוהר"ר מרדכי דוד אונגער שליט"א והרה"צ מוהר"ר יהושע רובין שליט"א להקרא [הן בכתב הן בעל פה] בשם באבוב ביחד עם שם לווי על פי האופנים והתנאים שיפורטו בסעיפים דלהלן.

ו.  מטרת סעיפים דלהלן להגיע למצב שהקריאה בפי כל של החסידות, הקהלה, המוסדות, האדמו"ר והאב"ד של צד א' תהא "באבוב" עם שם לווי, והקריאה בפי כל של החסידות, הקהלה, המוסדות, האדמו"ר\אב"ד של צד ב' תהא "באבוב" בלי שם לווי, וכן להגיע למצב שאם מישהו שומע השם "באבוב" בלי שם לווי יבין מיד

---

* רוב גדול של היחידים מהציבור ששייכים לצד א' הם בכלל המרשים שחתמו בשמם ו\או בשם כל א' מהחברות [Corporations וכדומה] השייכים לקהלת ו\או מוסדות באבוב, שיש להם זכות להביע דיעה בתורת Member and/or Director and/or Officer של חברות הנ"ל. [והצהירו בחתימתם שהכתב שחתמו יהא in lieu of a formal Corporate Resolution or Action].

² רוב גדול של היחידים מהציבור ששייכים לצד ב' הם בכלל המרשים שחתמו בשמם ו\או בשם כל א' מהחברות [Corporations וכדומה] השייכים לקהלת ו\או מוסדות באבוב, שיש להם זכות להביע דיעה בתורת Member and/or Director and/or Officer של חברות הנ"ל. [והצהירו בחתימתם שהכתב שחתמו יהא in lieu of a formal Corporate Resolution or Action].

³ ראוי לציין שרוב מהציבור של באבוב חתמו שטרי הרשאה לצד ב'.

⁴ הכוונה לספרי תורה שהם בבעלות "באבוב". ספרי תורה שהם בבעלות יחידים יחליטו היחידים איפוא להחזיק אותם.

</div>

*(חתימות)*

## בית דין צדק
### הרב יחיאל באב"ד הרב יצחק חיים זעלטענרייך הרב אברהם ברוך ראזענבערג
### הרב יצחק דוב בערגער הרב יקותיאל זלמן גראוס

בס"ד יום חמישי כ"ה אב תשע"ד לפ"ק, דף מספר י"ב' מ-י"ו' דפי הפסק דין.

שמדברים מצד ב'. ולכן פסקנו כפי האמור בסעיפים דלהלן.

ז. הזכות בידי הרה"צ מוהר"ר מרדכי דוד אונגער שליט"א להקרא [הן בכתב הן בעל פה] בשם "אדמו"ר מבאבוב-45"ה, וכמו כן הזכות בידי הרה"צ מוהר"ר יהושע רובין שליט"א להקרא [הן בכתב הן בעל פה] בשם "אב"ד באבוב-45". הזכות האמורה בסעיף זה קיימת רק באופן דלהלן: [א] שלא יהא הפסק בין "באבוב" ל-"45". [ב] שיכתבו "45" באותה שורה כמו השם "באבוב". [ג] שיכתבו "45" באותו גודל ובאותו צורת אותיות כמו השם "באבוב" בלי שום שינוי.

ח. אם הרה"צ מוהר"ר מרדכי דוד אונגער שליט"א, ו\או הרה"צ מוהר"ר יהושע רובין שליט"א ירצו לכתוב על בלנק שלהם חתן [או חתנא דבי נשיאה וכדומה] האדמו"ר מבאבוב זצ"ל וכיוצא בזה, יכולים לעשות כן. אכן זה אך ורק אם המילה "באבוב" נכתב באותו גודל ובאותו צורה כמו המילים האחרים באותה פיסקא [Sentence].

ט. הזכות להרה"צ מוהר"ר מרדכי דוד אונגער שליט"א להקרא בשם "אדמו"ר מבאבוב-45", וכמו כן הזכות בידי הרה"צ מוהר"ר יהושע רובין שליט"א להקרא בשם "אב"ד באבוב-45" הוא רק בתנאי שגם הקהלות ו\או המוסדות ברחבי העולם של צד א' שלא חתמו על שטרי בירורין לא ישתמשו [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לכל הסניפים, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה- Legal Entities וכדומה] בשם "באבוב" בלי להוסיף "45" ובאופנים הנ"ל. בנוסף לזה הזכות להרה"צ מוהר"ר מרדכי דוד אונגער שליט"א להקרא בשם "אדמו"ר מבאבוב-45", וכמו כן הזכות בידי הרה"צ מוהר"ר יהושע רובין שליט"א להקרא בשם "אב"ד באבוב-45" הוא רק בתנאי שצד א' לא ישתמשו להבנות בבתי חינוך שלהם באותה דוגמא של Uniform, שצד ב' משתמש בה.

י. הזכות לקרוא לעצמם [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לכל הסניפים, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] בשם "באבוב" בלי הוספת שם אחר [הן בכתב הן בעל פה] היא באופן בלעדי בידי צד ב'. והם יכולים להשתמש בשם "באבוב" כרצונם עם או בלי שמות נוספים בלי שום הגבלה כלל.

יא. צד א' אינו רשאי להשתמש [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לכל הסניפים, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] בשם זה או בשם הדומה לשם זה

---

ה שם זה מבוסס על המציאות שעכשיו ביהמ"ד המרכזי של החסידות הוא באותו רחוב, במקרה שיעבירו ביהמ"ד המרכזי לרחוב אחר עד"מ רחוב 49 בידם ירצו לשנות השם לשם "באבוב-49", ובתנאי שישנו השם הן של האדמו"ר והאב"ד הן של כל הקהלות והמוסדות וכו' ברחבי העולם, וכפי כל התנאים של השם "באבוב-45". כתבנו בתחילה שם לווי זה ולא שם של לווי של הוספת עיר נוספת, כי לפי האינפארמאציא שקיבלנו צד א' מעדיף שם לווי זה על שם לווי של הוספת עיר נוספת, אכן אם הם מעדיפים שם לווי של הוספת עיר אחרת הזכות בידם לבחור בשם לווי של עיר נוספת וכאמור להלן.



# בית דין צדק
## הרב יחיאל באב"ד הרב יצחק חיים זעלטענרייך הרב אברהם ברוך ראזענבערג
## הרב יצחק דוב בערגער הרב יקותיאל זלמן גראוס

בס"יד יום חמישי כ"ה אב תשע"ד לפ"ק, דף מספר "ג" מ-"ו" דפי הפסק דין.

בקריאתו או בכתיבתו [כולל ולא מוגבל לשם "בובוב", "באביב", "באבאב"], הן בלשה"ק\יודיש הן בלשונות העמים. האמור בסעיף זה נוגע למקומות הנזכרים בסעיף א'.

יב. בנוגע מקומות אחרים הסניפים של צד א' שיש להם מוסדות שכבר קרויים בשם "באבוב" בלי הוספת שם אחר אין לנו הסמכות להכריחם לשנות השם, כי לא חתמו בפנינו על שטרי בירורין'. אכן צד א' אינו רשאי לפתוח סניפים ו\או מוסדות חדשים ולקרוא להם בשמות אלו.

יג. בידי צד א' הזכות לקרוא לעצמם' [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לכל הסניפים, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] בשם, "באבוב-45" הזכות האמור בסעיף זה קיים רק באופן דלהלן : [א] שלא יהא הפסק בין "באבוב" ל-"45". [ב] שיכתבו "45" באותה שורה כמו השם "באבוב". [ג] שיכתבו "45" באותו גודל ובאותו צורת אותיות כמו השם "באבוב" בלי שום שינוי. [ד] שהשם "באבוב-45" יופיע על כל פירסום, שלט [Sign] על בניינים ו\או אוטובוסים וכדומה, מכתב, ומסמך כגון טשעקס, קבלות, הודעות, הן אם זה נכתב בלשה"ק\יודיש הן אם זה נכתב בלשונות העמים.

יד. אם צד א' מתייחסים [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לכל הסניפים, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] לכ"ק האדמורי"ם מבאבוב זצ"ל יכולים לעשות כן אך ורק באופן שמי שיקרא ידע ויבין ששם הקהלה, החסידות ו\או המוסדות הוא "באבוב-45". ולכן יעשו את זה אך ורק אם יתמלאו כל התנאים דלהלן : [א] שהמילה "באבוב" ייכתב באותו גודל ובאותו צורה כמו המילים האחרים באותה פיסקא [Sentence]. [ב] שמופיע שם השם "באבוב-45" באופן יותר בולט.

טו. הזכות של צד א' לקרוא לעצמם בשם "באבוב-45" הוא רק בתנאי שגם הקהלות ו\או המוסדות של צד א' ברחבי העולם שלא חתמו על שטרי בירורין לא ישתמשו [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לכל הסניפים, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] בשם "באבוב" בלי להוסיף "45" ובאופנים הנ"ל. וכמו כן הזכות של צד א' לקרוא לעצמם בשם "באבוב-45", הוא רק בתנאי שצד א' לא ישתמשו להבנות בבתי חינוך שלהם באותה דוגמא של Uniform, שצד ב' משתמש בה.

---

' וכל זה אם הרה"צ מוהר"ר מרדכי דוד אונגער שליט"א, והרה"צ מוהר"ר יהושע רובין שליט"א אינם משתמשים בשם "באבוב" כלל [אפילו עם שם לווי] וכמו כן צד א' [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] , אינם משתמשים בשם "באבוב" כלל [אפילו עם שם לווי], אבל אם הרה"צ מוהר"ר מרדכי דוד אונגער שליט"א, והרה"צ מוהר"ר יהושע רובין שליט"א משתמשים בשם "באבוב" עם שם לווי ו\או צד א' [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה], משתמשים בשם "באבוב" עם שם לווי, כבר מבואר במקומות אחרים בפס"ד זה שהרשות להשתמש בשם "באבוב" עם שם לווי רק בתנאי שגם הקהלות ו\או המוסדות של צד א' שלא חתמו על שטרי בירורין לא ישתמשו [כולל ולא מוגבל להחסידות, להקהלה, לבתי המדרש, לכל המוסדות, לבעלי שאר המשרות, לירחונים וכדומה ו\או ה-Legal Entities וכדומה] בשם "באבוב" בלי להוסיף שם לווי ובאופנים הנ"ל.

' זכות זה ניתנה באופן בלעדי לצד א'. אין בידי צד א' הכח להרשות ו\או להעביר זכות זו לאחרים בשום אופן.

## בית דין צדק
### הרב יחיאל באב"ד  הרב יצחק חיים זעלטענרייך  הרב אברהם ברוך ראזענבערג
### הרב יצחק דוב בערגער  הרב יקותיאל זלמן גראוס

בס"יד יום חמישי כ"ה אב תשע"ד לפ"ק, דף מספר "יד" מ-"יו" דפי הפסק דין.

טז. צד א' חייבים להודיע גם לאחרים שאינם מבני קהלתם שיקראו לקהלתם, למוסדותיהם, לאדמו"ר שלהם, לאב"ד שלהם לדומ"ץ שלהם, וו\או לראשי ישיבה שלהם [וכן בעלי שאר המשרות] רק באופן האמור למעלה. ההודעה תהא באופן שהאחרים יבינו שעליהם לעשות באופן האמור למעלה. [האמור בסעיף זה כולל ולא מוגבל לעתונים וירחונים, למסיבות ולשמחות שבו מזמינים ו\או מכריזים שם האדמו"ר או האב"ד שלהם וכדומה, לשמחות ומסיבות של אנשים פרטיים וכדומה שיהיו בתוך א' מבניינים שלהם, ששולחים הזמנות וכו כותבים מקום ששם יתקיים השמחה\מסיבה].

יז. הזכות להשתמש בשמות האחרים שהשתמשו בהם הצדדים [כולל ולא מוגבל לה"שם" שערי ציון, בני ציון, בנות ציון, עמודי ציון, כרם שלמה, עץ חיים, מחנה (קעמפ) שלוה, מחנה (קעמפ) גילה], היא באופן בלעדי בידי צד ב'. וצד א' אינו רשאי להשתמש בשמות אלו או בשמות הדומים לשמות אלו בקריאתו או בכתיבתו. האמור בסעיף זה נוגע למקומות הנזכרים בסעיף א'. בנוגע מקומות אחרים ברחבי העולם אם סניפים של צד א' יש להם מוסדות הקרויים על שמות הללו אין לנו הסכמות להכריחם שלא להשתמש בשמות הנ"ל, כי לא חתמו בפנינו על שטרי בירורין.

יח. צורות ה-Emblems שהשתמשו בהם צד ב' אסור לצד א' להשתמש בו אף אם יצרפו "45", ובה-Emblem החדש שיבחרו צד א' חייבים לכתוב "באבוב-45", וכן בכל מיני פירסום חייבים לכתוב "באבוב-45".

יט. כשצד א' מתייחסים לצד ב' עליהם לקרוא להם בשם "באבוב", ולא לכנות אותם בשמות אחרים.

כ. צד א' חייב להודיע גם לאחרים שאינם מבני קהלתם שיקראו לקהלת צד ב', למוסדותיהם, לאדמו\ר\אב"ד שלהם לדומ"ץ שלהם, וו\או לראשי ישיבה שלהם [וכן בעלי שאר המשרות] רק בשם "באבוב" ולא בכינויים אחרים. ההודעה תהא באופן שהאחרים יבינו שעליהם לעשות באופן האמור למעלה.

כא. על צד א' להימנע מלעשות פעולות\והשתדלות במישרין או בעקיפין שיגרמו לאחרים לקרוא לצד ב' בשם "באבוב" בצירוף שם לווי.

כב. כשצד ב' מתייחסים לצד א' עליהם לקרוא להם בשם "באבוב-45", ולא לכנות אותם בשמות אחרים.

כג. צד ב' חייב להודיע גם לאחרים שאינם מבני קהלתם שיקראו לקהלת צד א', למוסדותיהם, לאדמו"ר שלהם, לאב"ד שלהם לדומ"ץ שלהם, וו\או לראשי ישיבה שלהם [וכן בעלי שאר המשרות] רק בשם "באבוב-45" ולא בכינויים אחרים. ההודעה תהא באופן שהאחרים יבינו שעליהם לעשות באופן האמור למעלה.

כד. על צד ב' להימנע מלעשות פעולות\השתדלות במישרין או בעקיפין שיגרמו לאחרים לקרוא לצד א' כינויים אחרים.

# בית דין צדק
## הרב יחיאל באב"ד  הרב  יצחק חיים זעלטענרייך  הרב אברהם ברוך ראזענבערג
## הרב יצחק דוב בערגער  הרב יקותיאל זלמן גראוס

בס"ד יום חמישי כ"ה אב תשע"ד לפ"ק, דף מספר "יה" מ-"יו" דפי הפסק דין.

כה. במקום כל הנ"ל הזכות בידי צד א' להוסיף שם עיר לשם באבוב. עד"מ "צאנז-באבוב"[ט], וכל האופנים והתנאים והחיובים שכתבנו בנוגע שם "באבוב-45" שייך גם בנוגע שם "צאנז-באבוב". ונתוסף לזה עוד תנאי שהעיר הנוספת תהא לפני העיר "באבוב". אכן הן אם יבחרו בשם "באבוב-45", הן אם יבחרו בשם "צאנז-באבוב", הן אם יבחרו בעיר אחרת הבחירה תהא עולמית ולא שמזמן לזמן ישנו את השם לווי לשם לווי אחר'.

כו. הזכות בידי צד ב' לרשום את השם "באבוב" אצל השלטונות כ-Trademark, אכן זה יהא באופן שיהא ברור ומפורש שאין מניעה לצד א' להשתמש בשם "באבוב-45". כמו כן הזכות בידי צד ב' לרשום השמות האחרים שנזכרו לעיל אצל השלטונות כ-Trademark,

כז. לצד ב' יש הזכות הבלעדי"א להדפיס ולפרסם הספרים, הטעיפס, הכת"י, הד"ת וכדומה של כ"ק אדמו"ר מהר"ש [השני] מבאבוב זצ"ל כולל הזכות להחליט על התוכן והסגנון.

כח. לצד א' יש הזכות הבלעדי"ב להדפיס ולפרסם הספרים, הטעיפס, הכת"י, הד"ת וכדומה של כ"ק אדמו"ר מהרנ"צ מבאבוב זצ"ל כולל הזכות להחליט על התוכן והסגנון.

כט. זמני ביצוע הפס"ד: [א] החיוב של צד א' לשנות שמם תוך 90 יום מהיום"ג. [ב] האמור לעיל בנוגע שינוי הדוגמא של Uniform, תחול בתחילת שנת הלימודים הבעל"ט בחודש אלול תשע"ה לפ"ק. [ג] החיוב של צד ב' ליתן לצד א' התשלום הראשון מהתשלומים בכל רבע שנה בסך $310,000.00 תוך 60 יום מהיום"ט, ואחרי כן בכל

---

[ח] כולל הן האדמו"ר והאב"ד, הן הקהלות והמוסדות וכו'.
[ט] כתבנו דוגמא זו רק למשל, ואין אנו יודעים אם יש לקהלות אחרות התנגדות לזה.
['] כמו כן הבחירה תהא בכלל עולמית, ולא שהאדמו"ר או האב"ד יקראו לעצמם בשם לווי אחד והקהלות והמוסדות בשם לווי אחר, או שבמקום אחד ישתמשו בשם לווי אחד ובמקום אחר בשם לווי אחר.
במקרה שיעבירו ביהמ"ד המרכזי של החסידות כבר כתבנו לעיל.
[יא] האמור בסעיף זה לא בא למנוע מצד א' הזכות לפרסם מאמר מפעם לפעם בירחון וכדומה.
[יב] האמור בסעיף זה לא בא למנוע מצד ב' הזכות לפרסם מאמר מפעם בודד לפעם בירחון וכדומה.
[יג] אכן אם יווצר מצב ששינוי ה-Legal Entities יכול לגרום להפסדים בפראגראמס מהממשלה וכדומה, יכולים צד א' לדחות ביצוע שינוי ה-Legal Entities עד זמן סביר.

אכן גם במצב זה עליהם לשנות שאר הדברים הנאמרים בהפס"ד.
וגם כשנותנים קבלה רשמית שיש הכרח לכתוב שם הרשמי יכולים לכתוב שם הרשמי, אכן גם אז לא יבליטו על הקבלה הרשמית המילה "באבוב" וגם אז יופיע על הקבלה במקום בולט השם "באבוב-45".
ובטשעקס שיכתבו מחשבונות באנק שלא נשתנו: אם הבאנק אינם דורשים שיהא על הטשעק כתוב השם הרשמי לא יכתבו השם הרשמי, ואם הבאנק דורשים שיהא על הטשעק כתוב השם הרשמי יכולים לכתוב שם הרשמי, אכן גם אז לא יבליטו על הטשעק המילה "באבוב" וגם אז יופיע על הטשעק במקום בולט השם "באבוב-45".
אם צד ב' יטענו שהטענה שטוענים צד א' ששינוי ה-Legal Entities יכול לגרום להפסדים בפראגראמס מהממשלה וכדומה אינה נכונה או שזה חשש מאד רחוק, ויטענו שלדעתם זה רק תחבולה של צד א' לדחות שינוי השם ידונו הבי"ד בזה.
[יד] אם יישאר ביד צד א' inventory של Uniforms, חייבים צד ב' לקנות מצד א' ה-inventory במחיר cost-price, ועל צד א' להשתדל ש ה-inventory יהא מינימאלי.
[טו] הזכות בידי צד ב' להשליש תשלום הראשון אצל הבי"ד,

[signatures]

<div dir="rtl">

<div align="center">

## בית דין צדק
### הרב יחיאל באב"ד   הרב יצחק חיים זעלטענרייך   הרב אברהם ברוך ראזענבערג
### הרב יצחק דוב בערגער   הרב יקותיאל זלמן גראוס

</div>

בס"ד יום חמישי כ"ה אב תשע"ד לפ"ק, דף מספר ט"ו מ-ט"ו דפי הפסק דין.

רבע שנה עוד תשלום.

ל.   אם לדעת א' מהצדדים הצד שכנגד אינו מקיים מה שמוטל עליו לפי הפס"ד, לא יעשה דין לעצמו להחליט שגם הוא לא יקיים מה שמוטל עליו לפי הפס"ד, אלא עליו לקיים מה שמוטל עליו לפי הפס"ד כל זמן שלא יקבל הוראה בכתב מרוב חברי הבי"ד, ובנוגע טענתו שהצד שכנגד אינו מקיים מה שמוטל עליו לפי הפס"ד יפנה לבי"ד.

לא.  בהסכמת הצדדים לא פסקנו עדיין על נושאים דלהלן: [א] הנכסים הפרטיים של כ"ק אדמו"ר מהר"ש [השני] מבאבוב. [ב] בית החיים[טו]. [ג] הסכסוך [אם זה עוד נוגע] בענין "גן"[טז] Gan Day Care Center, Inc. a/k/a Gan Day Care, Inc.

לב.  הזכות בידי כל א' מהצדדים לאשר הפס"ד בערכאות.

לג.  אם יהא איזה ספק או סכסוך בנוגע פי' פס"ד הנ"ל, או אם יהיו פרטים בענין הנ"ל שלא נתפרשו בהפס"ד וכן אם יהא תלונה או סכסוך בביצוע הנ"ל, יחזרו הצדדים לבי"ד הח"מ.

וע"ז באנו על החתום ביום חמישי כ"ה אב תשע"ד לפ"ק.

נאם _____ :

נאם _____ :

נאם _____ :

נאם _____ :

נאם _____ :

---

טו   כבר יצא מאתנו פס"ד זמני בנוגע בית החיים, ופס"ד זמני זה ישאר בתוקפו עד שנפסוק פס"ד סופי.

טז   הצדדים כבר עשו הסכם זמני בנוגע "גן", והסכם זמני זה ישאר בתוקפו עד שנפסוק פס"ד סופי.

</div>

*Translation from the H E B R E W language*

## Rabbinical Court
### Rabbi Yechiel Babad, Rabbi Yitzchak Chaim Zeltenreich, Rabbi Abraham Baruch Rosenberg, Rabbi Yitzchak Dov Berger, Rabbi Yekusiel Zelman Graus

By the Grace of G-d, Thursday, 25 Av 5774 {calendar date: August 21, 2014}; page no. "1" of "6" {Hebrew} pages of the Rabbinical Court Ruling:

On the matter of controversies between the following parties: Party A is Rabbi Simcha Roth; Mr. Yitzchak Isaac Deutch; Rabbi Zvi Arye Rheinold and Rabbi Mendel Gross, on their own behalf and on behalf of all principals[1]. Party B is Rabbi Yehuda Yerachmiel Halevy Gruber; Mr. Abraham Aron Lesser; Rabbi Asher Landau and Rabbi Aron Benzion Beigel, on their own behalf and on behalf of all principals[2].
After the parties executed powers of attorney, coupled with an interest[3] and the attorneys in fact performed a binding procedure and signed an arbitration agreement, and after hearing the parties' claims and evidence and deliberations amongst us, the following Rabbinical Court Ruling was issued by us:

1. All assets of "Bobov" in Brooklyn, New Jersey, Catskills and the Poconos, both real property, chattel [including Torah scrolls[4]], and government programs that were in existence at the time of the late Bobov Grand Rebbe NZ's passing, are owned by and under the control of Party B.

2. Party B shall give Party A the sum of $6,200,000.00; this sum shall be paid over a period of five years, the sum of $310,000.00 every quarter.

---

[1] A large majority of individuals from the community that belongs to Party A are among the priniciples who signed on their own behalf, and/or on behalf of each of the corporations and the like that belong to the Bobov congregation and/or institutions in which they have a right to express an opinion as a member and/or director and/or officer of the aforementioned corporations. [They declared with their signature that the document they signed is in lieu of a formal Corporate Resolution or Action]

[2] A large majority of individuals from the community that belongs to Party B are among the principals who signed on their own behalf, and/or on behalf of each of the corporations and the like that belong to the Bobov congregation and/or institutions, in which they have a right to express an opinion as a member and/or director and/or officer of the aforementioned corporations. [They declared with their signature that the document they signed is in lieu of a formal Corporate Resolution or Action]

[3] It is fitting to note that a majority of the Bobov community signed powers of attorney coupled with an interest appointing Party B [as their attorneys in fact].

[4] This refers to Torah scrolls that are owned by "Bobov"; where to keep those Torah scrolls that are owned by individuals, should be decided by those individuals

3. The right to the title of "אדמו"ר מבאבוב" {*Admor M'Bobov*, translation: "Grand Rebbe of Bobov"}[±] and/or "אבד"ק באבוב" {*Avdak Bobov*, translation: "Rabbi of Bobov"}[±±] without adding another name [both, in writing and verbally] belongs exclusively to [±±±]Rabbi Ben Zion Arye Leibish Halberstam; he may use the name "באבוב" {pronounced as "Bobov"} as he wishes, with or without additional names, without any limitations whatsoever.

4. [±±±±]Rabbi Mordchai David Unger and [±±±±±]Rabbi Yehoshua Rubin are not permitted to use this name, or a name similar to this name in the way it is read or written, [including, but not limited to the name of "באבאב". "באביב, בובוב", {various Hebrew spellings of the word "Bobov"}], either in Hebrew/Yiddish, or in foreign languages; the provision of this clause applies in both, the locations listed in paragraph 1, and in any other place throughout the world.

5. Rabbi Mordchai David Unger and Rabbi Yehoshua Rubin have the right to be called [both, in writing and verbally] with the name "באבוב" along with an accompanying name pursuant to the provisions and conditions detailed in the following paragraphs.

6. The purpose of the paragraphs below is to reach a point where the *Chasiddic* community, the congregation, the institutions, the Grand Rebbe and Rabbi of Party A will be referred to by everyone as "באבוב" with an accompanying name, while the *Chasiddic* community, the congregation, the institutions, the Grand Rebbe/Rabbi of Party B will be referred to by everyone as "Bobov" without an accompanying name; and also, to reach a point where if someone hears the name "באבוב" without an accompanying name, he will immediately understand that it refers to Party B; we therefore ruled as provided in the paragraphs below.

7. Rabbi Mordchai David Unger has the right to be referred to [both, in writing and verbally] with the name "אדמו"ר מבאבוב-45"[5]; likewise, Rabbi Yehoshua Rubin has

---

[±] Literal translation: "our lord, master, and teacher of/from Bobov".

[±±] Literal translation: "Father/Head Of The Holy Rabbinical Court Of Bobov".

[±±±] The original has the title of: הרה"צ מוהר"ר (*Harav Hatzadik Moreinu Harav Reb*) whenever this name appears in the document.

[±±±±] The original has the title of: הרה"צ מוהר"ר (*Harav Hatzadik Moreinu Harav Reb*) whenever this name appears in the document.

[±±±±±] The original has the title of: הרה"צ מוהר"ר (*Harav Hatzadik Moreinu Harav Reb*) whenever this name appears in the document.

[5] This name is based on the fact that currently the central synagogue of the *Chasiddic* community is located on that street; in the event the central synagogue moves to another street, for example 49th street, they may, if they wish, change the name to "Bobov-49", on condition that they will also change both, the name of the Rebbe and Rabbi, and that of all congregations and institutions etcetera all over the world, and like all conditions of the name "Bobov-45".

the right to be referred to [both, in writing and verbally] with the name "אבד״ק -45" "באבוב". The right provided under this paragraph exists in the following manner only: [1] there shall be no space between "באבוב" and "45-". [2] That "45" is written on the same line as the name "באבוב". [3] That "45" is written in the same size and in the same font as the name "באבוב" without any difference.

8. If Rabbi Mordchai David Unger and/or Rabbi Yehoshua Rubin wish to print on their letterhead חתן {*Chasan,* translation: "son-in-law"} [or, חתנא דבי נשיאה {*Chasna D'bei Nesiah,* translation: "son-in-law of the prince"}, and the like] האדמו״ר מבאבוב זצ״ל {*H'Admor M'Bobov Zatzal,* translation: "of the late Grand Rebbe of Bobov"} and the like, they may do so; however, this is only if the word "באבוב" is written in the same size and the same font as the other words in that sentence.

9. Rabbi Mordchai David Unger's right to be referred to as "אדמו״ר מבאבוב-45", as well as Rabbi Yehoshua Rubin's right to be referred to as "אבד״ק באבוב-45", is only on the condition that Party A's congregations and/or institutions globally which have not signed the arbitration agreement, will not use [including but not limited to, the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] the name "באבוב" without adding "45" in the abovementioned manners. In addition, the right of Rabbi Mordchai David Unger to be referred to as "אדמו״ר מבאבוב-45", as well as Rabbi Yehoshua Rubin's right to be referred to as "אבד״ק באבוב-45", is only on the condition that Party A will not use for the girls in its schools the same uniform style as Party B uses.

10. The right to refer to themselves [including but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] as "באבוב" without adding another name [both, in writing and verbally], belongs exclusively to Party B; they may use the name "באבוב" as they wish, with or without additional names, without any limitation whatsoever.

11. Party A is not permitted to use [including but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] this name or a name similar to this name in the way it is read or written [including, but not limited to the name "באבאב" "באביב" "בובוב" {various Hebrew spellings

---

We initially wrote this accompanying name, not an accompanying name which adds the name of another town, based on information we received that Party A prefers this accompanying name over an accompanying name that adds the name of another town; however, if they prefer an accompanying name of adding another town, they are entitled to choose an accompanying name of another town, as provided below.

of the word "Bobov"}], either in Hebrew/Yiddish, or in foreign languages. The provision of this clause applies to locations listed in sec. 1.

12. As to other locations, Party A's branches where they already have institutions referred to by the name "באבוב" without adding another name, we lack jurisdiction to compel them to alter the name, as they have not signed the arbitration agreement before us[6]; however, Party A must not launch new branches and/or institutions and refer to them with these names.

13. Party A has the right to refer to itself [7] [including but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] with the name "באבוב-45"; the right provided under this clause exists in the following manner only: [1] there shall be no space between "באבוב" and -"45". [2] That "45" is written on the same line as the name "באבוב". [3] That "45" is written in the same size and in the same font as the name "באבוב", without any difference. [4] That the name "באבוב-45" will appear on every ad, sign on buildings and/or buses and the like, letter, document such as checks, receipts, announcements, whether it is written in Hebrew/Yiddish or it is written in foreign languages.

14. When Party A [including but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] refers to the late Rebbes of Bobov, they may do so only and exclusively in a manner that the

---

[6] All of this is, if Rabbi Mordchai David Unger and Rabbi Yehoshua Rubin do not use the name "באבוב" at all [even with an accompanying name], nor does Party A [including, but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] use the name "באבוב" at all [even with an accompanying name]. However, if Rabbi Mordchai David Unger and Rabbi Yehoshua Rubin do use the name "באבוב" with an accompanying name, and/or Party A [including, but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] uses the name "באבוב" with an accompanying name, it is already provided elsewhere in this Rabbinical Court Ruling that the right to use the name "באבוב" with an accompanying name is only on the condition that the congregations and/or institutions of Party A who have not signed the arbitration agreement will also not use [including, but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] the name "באבוב" without adding an accompanying name, in the aforementioned manners.

[7] This right is granted Party A exclusively; Party A lacks the power to authorize and/or transfer this right to others in any way, shape or form.

reader knows and understands that the name of the congregation, the *Chasiddic* community and/or the institution is "באבוב-45"; therefore, they shall do so only and exclusively if all of the following conditions are met: [1] that the word "באבוב" appears in the same size and the same font as the other words in that sentence. [2] That the name "באבוב-45" appears there in a more bold manner.

15. Party A's right to refer to themselves as "באבוב-45" is only on the condition that Party A's congregations and/or institutions globally which have not signed the arbitration agreement, will not use [including but not limited to the *Chasiddic* community, the congregation, the synagogues, all institutions, all branches, the holders of other positions, journals and the like, and/or the legal entities and the like] the name "באבוב" without adding "45" in the abovementioned manners. In addition, Party A's right to refer to themselves as "באבוב-45", exists only on the condition that Party A will not use for the girls in its schools the same uniform style as Party B uses.

16. Party A is required to advise also to others who are not members of its congregation, to refer to its congregation, its institution, its Rebbe, its Rabbi, its rabbinic judge, and/or its deans [as well as the holders of other positions] only as described above. The message shall be in such a manner that the others should understand that it is upon them to act as stated above. [The provision of this paragraph includes but is not limited to newspapers and journals, events, parties where their Rebbe or Rabbi is invited or introduced, and the like; parties and events by private individuals and the like taking place at one of its buildings, where invitations are sent identifying the location the party/event takes place].

17. The right to use other names that the parties have used [including, but not limited to the "name" שערי ציון {*Sharei Zion*}, בני ציון {*Bnei Zion*}, בנות ציון {*Bnos Zion*}, עמודי ציון {*Amudei Zion*}, כרם שלמה {*Kerem Shlomo*}, עץ חיים{*Eitz Chaim*}, שלוה (קעמפ)מחנה {*Machne (camp) Shalva*}, גילה (קעמפ) מחנה {*Machne* (camp) *Gila*}] belongs exclusively to Party B; Party A must not use these names or names similar to these names in the way it is read or written. The provision of this paragraph clause applies to the locations outlined in sec. 1. As to other locations globally, if Party A's branches have institutions referred to by these names, we lack jurisdiction to compel them not to use the aforementioned names, as they have not signed the arbitration agreement before us.

18. Party A is prohibited from using the emblem design that Party B used even if they add "45"; the new emblem Party A will choose they must write "באבוב-45"; likewise, on all sorts of advertisements, they must write "באבוב-45".

19. When Party A refers to Party B, it is upon them to refer to them as "באבוב", and not nickname them other names.

20. Party A is required to advise also to others who are not members of its congregation, to refer to the congregation of Party B, its institutions, its

Rebbe/Rabbi, its rabbinic judge, and/or its deans [as well as the holders of other positions] only as "באבוב" and not other nicknames. The message shall be in such a manner that the others should understand that it is upon them to act as stated above.

21. It is upon Party A to refrain from taking action/making efforts, directly or indirectly, to cause others to refer to Party B as "באבוב" with an accompanying name.

22. When Party B refers to Party A, it is upon them to refer to them as "באבוב-45", and not nickname them other names.

23. Party B is required to advise also to others who are not members of its congregation, to refer to the congregation of Party A, its educational institutions, its Rebbe, its Rabbi, its rabbinic judge, and/or its deans [as well as the holders of other positions] only as "באבוב-45" and not other nicknames. The message shall be in such a manner that the others should understand that it is upon them to act as stated above.

24. It is upon Party B to refrain from taking action/making efforts, directly or indirectly, to cause others to refer to Party A other nicknames.

25. Party A[8] is entitled – in lieu of all of the above – to add a name of a town to the name "באבוב", such as "צאנז-באבוב" {"*Sanz-Bobov*"}[9]; and all provisions and conditions and obligations we wrote with respect to the name "באבוב-45" apply also with respect to the name "צאנז-באבוב"; however there is an added condition, that the added town is to be placed before the town "באבוב". However, whether they choose the name "באבוב-45", or they choose the name "צאנז-באבוב", or they choose another town, the choice shall be eternal; the accompanying name is not to be changed from time to time to another accompanying name[10].

26. Party B is entitled to register the name "באבוב" with the government as a Trademark; however, this shall be in a manner where it is expressly clear that

---

[8] Including both, the Rebbe and Rabbi, and the congregations and institutions, etcetera.

[9] We provided this sample as an example only; we do not know whether other congregations would object thereto.

[10] Likewise, the choice shall always be universal, and not that the Rebbe or Rabbi will refer to themselves using one accompanying name while the congregation and institutions with another accompanying name; or that in one location they will use one accompanying name while other locations will use another accompanying name.
In the event the central synagogue of the congregation moves; we have already addressed above.

Party A is not barred from using the name "באבוב-45" ; similarly, Party B is entitled to record with the government the other names mentioned above as a Trademark.

27. Party B has the exclusive[11] right to publish and distribute books, tapes, manuscripts, Torah commentary and the like by the late Grand Rebbe, Rabbi Shlomo [II] of Bobov, including the right to decide on content and style.

28. Party A has the exclusive[12] right to publish and distribute books, tapes, manuscripts, Torah commentary and the like by the late Grand Rebbe, Rabbi N.Z. of Bobov, including the right to decide on content and style.

29. Times of carrying out the Rabbinical Court Ruling: [1] The obligation upon Party A to change its name is within 90 days of today[13]. [2] The aforementioned provision about changing the uniform style, takes effect at the beginning of the next school year, in the {Hebrew} month of *Elul* 5775 {approx. calendar date: mid-August 2015}[14]. [3] The obligation upon Party B to give Party A the first

---

[11] The provision of this paragraph does not bar Party A the right to publish an individual article from time to time in a journal, and the like.

[12] The provision of this paragraph does not bar Party B the right to publish an individual article from time to time in a journal, and the like.

[13] However, if a situation develops in which changing the legal entities could result in losing government programs and the like, Party A may postpone the implementation of the change in legal entities within a reasonable time
However, even in such a situation, it is upon them to change the other things outlined in the Rabbinical Court Ruling
Also, when they issue an official receipt where they must write the official name, they may write the official name; however, even then they shall not accentuate the word "באבוב" on the official receipt; and even then, the name "באבוב-45" shall appear on a prominent place on the receipt
On checks they will issue from bank accounts that were not changed: if the bank does not require the check to identify the official name, they shall not write the official name; if the bank does require the check to identify the official name, they may write the official name; however, even then they shall not accentuate the word "באבוב" on the check; and even then, the name "באבוב-45" shall appear on a prominent place on the check.
If Party B will argue that Party A's claim that changing the legal entities could result in losing government programs and the like is not correct, or that it is a very remote possibility, and they will argue that they believe it is merely a ploy by Party A to delay changing the name, the Rabbinical Court will consider the matter

[14] If uniform inventory is left with Party A, Party B is required to buy the inventory from Party A at cost price; it is upon Party A to make an effort that the inventory should be minimal

installment of the quarterly installments in the amount of $310,000.00 is within 60 days of today[15], and another installment every subsequent quarter.

30. If one of the parties believes that the opposing party fails to comply with that which was is imposed upon them under the Rabbinical Court Ruling, it shall not take the law into its own hands by deciding that it too will not comply with that which is imposed upon it under the Rabbinical Court Ruling; rather, it is upon them to comply with that which is imposed upon them under the Rabbinical Court Ruling as long as it has not received written instructions by a majority of the Rabbinical Court members; and as to its claim that the opposing party fails to comply with that which is imposed upon them under the Rabbinical Court Ruling, it shall turn to the Rabbinical Court.

31. With the parties' consent we have not yet adjudicated the following issues: [1] the personal assets of the late Grand Rebbe, Rabbi Shlomo [II] of Bobov. [2] The cemetery[16]. [3] The dispute [if it is still relevant] concerning the "Gan"[17], Gan Day Care Center, Inc. a/k/a Gan Day Care, Inc.

32. Each of the parties is entitled to confirm the Rabbinical Court Ruling in secular court.

33. If there will be any question or dispute as to the interpretation of the aforementioned Rabbinical Court Ruling, or if there are aspects in the aforementioned matter that has not been specified in the Rabbinical Court Ruling, as well as if there will be a complaint or dispute in the implementation of the above, the parties shall return to the Rabbinical Court signed below.

On this we affixed our signatures on Thursday, 25 Av 5774 {calendar date: August 21, 2014}.

Says: {signature} *Yechiel Babad*
Says: {signature} *Yitzchak Chaim Zeltenreich*
Says: {signature} *Abraham Baruch Rosenberg*
Says:
Says: {signature} *Yekusiel Zelman Graus*

---

[15] Party B is entitled to escrow the first installment with the Rabbinical Court

[16] We have already issued an Interim Rabbinical Court Ruling with respect to the cemetery; this Interim Rabbinical Court Ruling shall remain in effect until we issue a Final Rabbinical Court Ruling

[17] The parties already reached an interim agreement with respect to "Gan"; this interim agreement shall remain in effect until we issue a Final Rabbinical Court Ruling